People v McGee (2018 NY Slip Op 08186)





People v McGee


2018 NY Slip Op 08186


Decided on November 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 29, 2018

Richter, J.P., Manzanet-Daniels, Gische, Kapnick, Gesmer, JJ.


7748 1940/10

[*1] The People of the State of New York, Respondent,
v
Devon McGee, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Yan Slavinskiy of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J. at suppression hearing; Rena K. Uviller, J. at jury trial and sentencing), rendered May 1, 2013, as amended June 28, 2013, convicting defendant, after a jury trial, of five counts of rape in the first degree, seven counts of criminal sexual act in the first degree, three counts of sexual abuse in the first degree, two counts of robbery in the second degree and one count of assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 20 years, unanimously affirmed.
The court properly denied defendant's suppression motion. Based on the factors discussed in People v McBride (14 NY3d 440, 446 [2010], cert denied 562 US 931 [2010]), we conclude that exigent circumstances justified the warrantless entry into defendant's apartment. A visibly upset woman, in ripped and disheveled clothing with marks on her face, informed the police that she had just been repeatedly raped, robbed and beaten. She detailed the location and time that it occurred and descriptions of her three assailants, giving the police probable cause to believe that she had been raped, robbed, and beaten at defendant's apartment and that the men were still there. There was also a danger that the men would flee or destroy evidence of the rape, and the police ultimately entered the apartment peaceably.
Regardless of whether the police unlawfully entered defendant's apartment and arrested him without a warrant, he would not be entitled to the suppression of evidence that was not the product of that police action. A plastic bag of used condoms was abandoned, independently of any unlawful police conduct, because it was discarded from a window when the police had only knocked on the door and had not yet entered (see People v Ramirez-Portoreal, 88 NY2d 99, 110 [1996]). Furthermore, when the victim, who had accompanied the police to the hallway outside defendant's apartment, spontaneously identified him when she saw him through the doorway after the police entered, there was no exploitation by the police of the alleged illegality (see People v Jones, 2 NY3d 235, 241-242 [2004]). In any event, any error in admitting any of the [*2]evidence at issue was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 29, 2018
CLERK